UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME CHAMBERS, | No. 2:15-cv-2274 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEROME PRICE, et al., | |
| Defendants. | |

Plaintiff is a prison inmate, proceeding pro se and in forma pauperis, with a civil rights action. Pending before the court is plaintiff's amended complaint filed November 17, 2016. (ECF No. 16.)

On September 20, 2016, the undersigned issued an order screening plaintiff's original complaint. (ECF No. 9.) The undersigned found that plaintiff stated potentially colorable negligence and Eighth Amendment claims against defendants Zapata and Valadez. The undersigned found that plaintiff had not stated potentially colorable claims under the Americans with Disabilities Act ("ADA"). The undersigned also found that plaintiff's claims against defendants Warden Price and California Department of Corrections and Rehabilitation ("CDCR") were not potentially colorable.

On November 17, 2016, plaintiff filed a first amended complaint. (ECF No. 16.) The first amended complaint addresses only plaintiff's proposed ADA claims against defendants Zapata

1

1  and Valadez.  However, Local Rule 220 requires that an amended complaint be complete in itself
2  without reference to any prior pleading.  It is clear that plaintiff did not intend to abandon his
3  potentially colorable Eighth Amendment and negligence claims against defendants Zapata and
4  Valadez.  Therefore, the amended complaint does not comply with Local Rule 220 because it
5  does not include all of plaintiff's claims against defendants Zapata and Valadez.  Accordingly, the
6  amended complaint is dismissed.

7  Plaintiff is granted thirty days to file a second amended complaint.  However, the
8  undersigned observes that the ADA claims in the first amended complaint do not cure the
9  pleading defects discussed in the September 20, 2016 order.  It is unlikely that plaintiff can state a
10 potentially colorable ADA claim based on the facts alleged.  If plaintiff does not file a second
11 amended complaint within thirty days, the undersigned will order service of the original
12 complaint on defendants Zapata and Valadez as to the potentially colorable Eighth Amendment
13 and negligence claims.

14 On October 17, 2016, plaintiff filed a second motion for the appointment of counsel.
15 (ECF No. 11.)  On September 9, 2016, the undersigned denied plaintiff's first motion for
16 appointment of counsel.  (ECF No. 9.)  For the reasons stated in that order, plaintiff's second
17 motion for appointment of counsel is denied.

18 Accordingly, IT IS HEREBY ORDERED that:

19 1.  Plaintiff's first amended complaint is dismissed; plaintiff is granted thirty days to file a
20 second amended complaint; if plaintiff does not file a second amended complaint within that
21 time, the court will order service of the original complaint on defendants Zapata and Valadez;

22 2.  Plaintiff's motion for the appointment of counsel (ECF No. 11) is denied.

23 Dated:  December 12, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cham2274.31thr

2