UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JEROME CHAMBERS, | No. 2:15-cv-2274 GEB KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JEROME PRICE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff alleges that he suffers from A.D.H.D, bipolar disorder and that he has a learning disability. The undersigned observes that despite these conditions, plaintiff was able to file an amended complaint containing potentially colorable claims for relief. This action is set for a settlement conference before the undersigned on December 20, 2017. The undersigned will assess plaintiff's ability to litigate this action following the settlement conference. If warranted, counsel will be appointed.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 34) is denied without prejudice.

Dated: August 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cham2274.31